UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN G. CALHOUN,

        Plaintiff,

v.                                      Case No. 8:10-cv-2628-T-17EAJ

TAMPA POLICE DEPARTMENT,
et al.,

        Defendants.

_____

## ORDER

This cause is before the Court on Calhoun's 42 U.S.C. § 1983 prisoner civil rights complaint filed pro se. Calhoun complains of events that occurred regarding his arrest in June 2004. Calhoun did not file the present civil rights complaint until November 17, 2010 (see date stamp on complaint), more than five years later. Because he complains of 2004 events, Calhoun's claims accrued in 2004 and are barred by the statute of limitations.

### Discussion

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. State of Georgia Pardons and Paroles Board,* 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims.

1

*Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney*, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under *Wilson*, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3). Because Calhoun's claims accrued more than four years before he filed his civil rights complaint, the claims are barred by the statute of limitations.

Accordingly, the complaint (Doc. 1) is DISMISSED. The clerk shall close this case.

ORDERED at Tampa, Florida, on DECEMBER 9th, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

John G. Calhoun